[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 47.]

OFFICE OF DISCIPLINARY COUNSEL *v*. COX.

[Cite as *Disciplinary Counsel v. Cox*, 2002-Ohio-2989.]

*Judges—Misconduct—Indefinite suspension—Receiving loans from attorneys who regularly appeared before respondent judge.*

(No. 2002-0296—Submitted April 23, 2002—Decided July 3, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-92.

_____

PER CURIAM.

{¶1} On November 21, 2000, relator, Disciplinary Counsel, filed a four-count complaint charging respondent Edward A. Cox of  Youngstown, Ohio, Attorney Registration No. 0001520, a judge of the Seventh District Court of Appeals,  with violations of the Code of Judicial Conduct and the Code of Professional Responsibility for receiving loans from attorneys who regularly appeared before him.  Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline.

{¶2} Based upon the stipulations of the parties and testimony received at a hearing on November 30, 2001, the panel found that respondent was addicted to racetrack gambling and that to obtain funds for his gambling, he borrowed money from his friends who also were attorneys who appeared before him.  It found no evidence that any of the attorneys who made these loans and appeared before respondent received any benefit from respondent.

{¶3} In considering Count One, the panel found that in 1999, while an active judge on the court of appeals, respondent accepted $400 from attorney Stuart Banks.  Banks believed he was paying a fee for respondents' referral of a client to Banks.  Respondent contended that the payment was unrelated to the referral.  The

panel found that this conduct of respondent violated Canon 1 of the Code of Judicial Conduct (a judge shall uphold the integrity and independence of the judiciary), Canon 2 (a judge shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary), Canon 2, Division (C)(5) (a judge shall not accept a gift or loan except in limited and specified situations), and Canon 4 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities).

{¶4} In considering Count Two, the panel found that in February 1998, respondent borrowed $20,000 from attorney Richard Goldberg. He borrowed another $5,000 from Goldberg in April 1998 and $2,500 from him in May 1998. Respondent did not disclose these loans on his 1999 financial disclosure statement, which all judges are required to file under Canon 2, Division (D)(3)(a) of the Code of Judicial Conduct. However, respondent later amended his disclosure statement to report Goldberg as a creditor. The panel found that respondent's conduct in obtaining the loans violated Canons 1, 2, and 4 and Canon 2, Division (C)(5).

{¶5} Relator dismissed Count Three.

{¶6} In considering Count Four, the panel found that over a period of years respondent borrowed sums ranging from $100 to $500 from attorneys appearing in his court. Once again the panel found that respondent's conduct violated Canons 1, 2, and 4 and Canon 2, Division (C)(5).

{¶7} In mitigation, the panel noted evidence of respondent's gambling addiction and noted that respondent had no previous disciplinary problems.

{¶8} The panel recommended that respondent be suspended from the practice of law for two years with one year stayed conditioned upon his entering into a contract with the Ohio Lawyers' Assistance Program for treatment of his gambling addiction and compliance with the terms of that contract during that suspension. The board adopted the findings, conclusions, and recommendation of the panel.

{¶9} On review of the record, we adopt the findings and conclusion of the board but not its recommendation. We find respondent's violations of the Code of Judicial Conduct to be deplorable and egregious. Canon 1 of the Code of Judicial Conduct requires a judge to uphold the integrity and independence of the judiciary. Canon 2 requires a judge, inter alia, to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. By his actions, respondent has undermined public confidence in judicial integrity and impartiality and therefore an indefinite suspension is appropriate. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent, would follow the board's recommendation, and would suspend respondent for two years with one year stayed.

—————————————

Jonathan E. Coughlan, Disciplinary Counsel, for relator.

Crabbe, Brown & James, Larry H. James and Christine L. Corl, for respondent.

—————————————